# Exhibit A

**State of Louisiana**
**Secretary of State**



04/24/2018

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

VOV GMBH
IM MEDIAPARK 5
50670 KOLN, GERMANY

Suit No.: 40802
28TH JUDICIAL DISTRICT COURT
LASALLE PARISH

CRAIG JALBERT, ET AL
vs
PETER LEIBOLD, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

TOM SCHEDLER
Secretary of State

Served on:  TOM SCHEDLER
Served by:  E CUMMINS

Date: 03/01/2018
Title: DEPUTY SHERIFF

ATTY LETTER; KC; MC; SEE TRS# 1069407

**No: 1074972**



TG



**Lasky Murphy LLC**
715 Girod Street, Suite 250
New Orleans, LA 70130
(504) 603-1500 main
(504) 603-1503 fax
www.laskymurphy.com

Katie E. Lasky
(504) 603-1501 direct
klasky@laskymurphy.com

April 3, 2018

Kara Caldwell
State of Louisiana
Secretary of State
Commercial Division
P.O. Box 94125
Baton Rouge LA 70804-9125
Facsimile: 225-925-5317

Re: *Craig Jalbert et al v. Peter Leibold, et al*

Dear Ms. Caldwell:

I am writing in response to your March 2, 2018 letter to Walter E. Dorroh, Jr. requesting a proper name or domicile address to serve VOV GmbH, an insurer who has transacted business in this state without a certificate of authority. The address in order for the Secretary of State to effectuate service on VOV GmbH pursuant to La. Rev. Stat. §22:1907(A) is:

VOV GmbH
Im Mediapark 5
50670 Köln, Germany

A copy of the original letter is attached hereto for ease of reference. Should you have any questions or require any additional information, please do not hesitate to contact me.

Very cordially yours,

Katie E. Lasky

Enclosure

**DORROH & KENDRICK, A PLC**
3225 NORTH FIRST STREET
P.O. BOX 1889 (MAILING ADDRESS)
JENA, LOUISIANA 71342
A Professional Law Corporation

WALTER E. DORROH, JR. (E-MAIL wdorroh@dorrohkendrick.com)
STEVEN P. KENDRICK (E-MAIL skendrick@dorrohkendrick.com)

TELEPHONE (318) 992-4107
FAX (318) 992-4110

April 18, 2018

Ms. Kara Caldwell
Secretary of State
P. O. Box 94125
Baton Rouge, Louisiana 70804-9125

RE: Craig Jalbert, in capacity as the Chapter 11 Liquidating Trustee for German Pellets, LLC
versus
Peter Leibold, Anna K. Leibold, Michael Leibold, Meranda Hyman and VOV GmbH
28th Judicial District Court for LaSalle Parish, Docket No. 40802
My File No. 18-141

Dear Ms. Caldwell:

My co-counsel in this case advised that I needed to mail this back to you. I am so doing. If additional information or activity is needed on my part, please advise.

Thank you for your courtesy and cooperation.

Yours very truly,

DORROH & KENDRICK, A PLC

BY: _____
WALTER E. DORROH, JR.

WEDjr/lm

cc: Ms. Catherine Laskie
kmurphy@laskymurphy.com
Ms. Kerry A. Murphy
klasky@laskymurphy.com
LASKY MURPHY, LLC

Parish of LaSalle
State of Louisiana
28th Judicial District Court

**CRAIG JALBERT, IN HIS CAPACITY AS THE CHAPTER 11 LIQUIDATING TRUSTEE FOR GERMAN PELLETS LOUISIANA, LLC AND LOUISIANA PELLETS, INC.**

**VS. NO 40802**

**PETER LEIBOLD, ANNA KATHRIN LEIBOLD, MICHAEL LEIBOLD, MERANDA HYMAN AND VOV GmbH**

## *CITATION*

**TO: VOV GmbH**
**THROUGH LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA 70809**

You are hereby summoned to comply with the demand contained in the **PETITION FOR DAMAGES AND PRELIMINARY AND PERMANENT INJUNCTION RELIEF AND JURY DEMAND**, of which a certified copy accompanies the Citation, or to deliver your answer in writing to said petition, in the office of the Clerk of the Twenty-Eighth District Court, in and for the Parish of LaSalle which office is in the Town of Jena, said Parish and State, within 15 days after the service hereof. Your failure to comply herewith will subject you to the penalty of default judgment against you.

Witness the Honorable J. CHRISTOPHER PETERS Judge of said Court, this the February 20, 2018.

S/ TERRY KNAPP
_____
Deputy Clerk, LaSalle Parish, Louisiana

Requested by:
WALTER E. DORROH, JR.
PO BOX 1889
JENA. LA 71342

DOCKET NO. 40802

**28TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LASALLE**

**STATE OF LOUISIANA**

2018 FEB 16 PM 3 32

NO. _____

CRAIG JALBERT, in his capacity as the Chapter 11 Liquidating Trustee for German Pellets Louisiana, LLC and Louisiana Pellets, Inc.

VERSUS

PETER LEIBOLD, ANNA KATHRIN LEIBOLD, MICHAEL LEIBOLD, MERANDA HYMAN AND VOV GmbH

FILED: _____   _____
                                  DEPUTY CLERK

**PETITION FOR DAMAGES AND
PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND JURY DEMAND**

Craig Jalbert, the Chapter 11 Liquidating Trustee (the "Trustee") for German Pellets Louisiana, LLC ("GPLA") and Louisiana Pellets, Inc. ("Louisiana Pellets"), by his undersigned counsel, files this Petition for Damages and Preliminary and Permanent Injunction and Jury Demand and respectfully alleges as follows:

### I. Introduction

1. Louisiana Pellets owned a solid waste disposal and wood pellet manufacturing facility ("Facility") in Urania, Louisiana. Louisiana Pellets leased the manufacturing facility to GPLA, as operator. LP was 100% owned by GP Holdings USA, Inc. which is 100% owned by GP GmbH. Upon information and belief, the ultimate parent of GP GmbH is an Austrian foundation with ownership within the family of certain of the Defendants.

2. Construction began on the Facility in late 2013. After raising over $300 million through bond financing, Louisiana Pellets and GPLA began construction on the Facility in two phases—Phase I and Phase II. The officers of GPLA and Louisiana Pellets, including the Defendants, relied almost exclusively on German contractors, at least one of whom was a close

friend of Peter Leibold, to provide the materials and work needed to construct the Facility. For example, GPLA paid over $9.5 million to Elektro Fischer, a German based electrical contractor and close friend of Peter Liebold, over an 18-month period to do electrical work at the Facility. This electrical work was substandard and caused problems when the Facility began to operate.

3. In July 2015, despite the fact that the Facility had not passed the required air quality tests in order to complete Phase I construction, pellet production began for the first time at the Facility and focus immediately turned to Phase II. Phase II construction was designed to increase the production capacity of the Facility from 578,000 to 1,156 million metric tons per year. Based upon the statements of GPLA and Louisiana Pellets' officers, funding for Phase II construction had been raised in its entirety as of July 2015.

4. Limited production began at the Facility in July through November of 2015. There were immediately problems with the quality of the pellets, but production ceased, however, in late 2015 when electricity was cut to the Facility by Entergy because GPLA and Louisiana Pellets were unable to pay the utility bills. Unable to produce pellets, GPLA and LP defaulted on their obligations to bond holders in early 2016. By the date of the filing of the Bankruptcy Cases in February 2016, Phase II construction was incomplete and was estimated to require an additional 12 months to complete. Nonetheless, upon information and belief, many pre-payments had been made to vendors for Phase II construction.

5. On February 18, 2016, the GPLA and Louisiana Pellets filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* in the Bankruptcy Court of the United States District Courts of the Western District of Louisiana.

6. In this same week, GPLA and Louisiana Pellets' parent company, GP GmbH filed for bankruptcy protection in Germany owing hundreds of millions of Euros to its creditors and bondholders and causing nearly 600 people to lose their jobs.

7. The plaintiff is the Trustee for the GPLA and Louisiana Pellets Litigation Trust which was formed and authorized by Joint Chapter 11 Plan of Liquidation as of September 8, 2017 (the "Confirmed Plan") and the Findings of Fact, Conclusions of Law and Order Confirming Joint Chapter 11 Plan of Liquidation of Louisiana Pellets, Inc. and German Pellets Louisiana, LLC entered on September 8, 2017. Under the Confirmed Plan, all Causes of Action and Retained Causes of Action (as those terms are defined therein) were transferred to the Trust as of the effective date of the Confirmed Plan, to be pursued by the Trustee, as a representative of the bankruptcy estates. The effective date of the Confirmed Plan was October 13, 2017.

## DEFENDANTS

8. Peter Leibold was the CEO of GPLA and the managing partner and CEO of GP GmbH. Peter Leibold visited this Parish on multiple occasions in order to supervise and control the operations of GPLA. Upon information and belief, Peter Leibold exercised significant control over the operations of GPLA and ran it solely for the benefit of GP GmbH because he has a significant beneficial interest in the Austrian foundation that owns GP GmbH. Peter Leibold is an individual of the age of majority and domiciled in Germany. Upon information and belief, he is currently under investigation by German authorities for allegations of embezzlement and other crimes related to the operation of GP GmbH.

9. Anna Kathrin Leibold is the wife of Peter Leibold and was the President and CEO for Louisiana Pellets. Anna Leibold also visited this Parish on multiple occasions in order to supervise and control the operations of Louisiana Pellets and GPLA. Upon information and belief, Anna Leibold also exercised control over GP GmbH as well as has a significant beneficial interest in the Austrian foundation that owns GP GmbH. Anna Leibold is an individual of the age of majority and domiciled in Germany.

10. Michael Liebold is the son of Peter Leibold and Anna Leibold and was the

Secretary for Louisiana Pellets. Upon information ad belief, Michael Leibold also visited this Parish on multiple occasions in order to supervise and control the operations of Louisiana Pellets and GPLA. Michael Leibold is an individual of the age of majority and domiciled in Germany.

11. Meranda Hyman ("Hyman") was the chief accounting officer for GPLA and Louisiana Pellets on site in Louisiana. Upon information and belief, Hyman processed and caused invoices to be paid for GPLA and was the most senior accounting person working in Urania. Hyman is a person of the age of majority and domiciled in Winnfield, Louisiana.

12. GP GmbH is a German corporation and the parent company of GPLA and Louisiana Pellets.

13. VOV GmbH is an insurance company based in Cologne, Germany which issued a director and officer insurance policy for GPLA and Louisiana Pellets VOV is not registered with the Louisiana Department of Insurance.

14. Venue is proper in this district pursuant to Articles 73 and 74 of the Code of Civil Procedure.

15. Not only did the Defendants waste corporate assets by using expensive German contractors to do work on the Facility in this Parish as well as pre-paying for work never completed, the Defendants caused significant sums to be transferred from the account of GPLA to GP GmbH without documentation of why these payments were made.

16. Between November 12, 2013 and December 31, 2015, GPLA transferred more than €11 million EU to GP GmbH.

17. Upon information and belief, Peter Leibold, Anna Leibold, Michael Leibold and Hyman caused GPLA to make the transfers, most during a time that GPLA and Louisiana Pellets did not have sufficient cash either to operate or to finish the ongoing construction.

18. Upon information and belief, certain of the funds transferred to GP GmbH by

GPLA may have ultimately gone to the benefit of the Leibold family.

19. As outlined above, GPLA entered into several very substantial construction contracts (the "Construction Contracts") with various contractors, many of whom were based out of Germany, rather than using contractors based locally or elsewhere in the United States.

20. The Construction Contracts required very large prepayments to construction vendors, often for services that ultimately were never performed, equipment that was never delivered or work that was improperly performed.

21. The construction costs greatly exceeded GPLA's budget for the project. In 2014 and 2015, GPLA made payments of nearly $35 million to construction and equipment vendors, including, *inter alia,* nearly than $9.5 million in payments to Elektro Fischer, the German-based electrical contractor owned by a friend of Peter Leibold and which did substandard work and payments in excess of $25 million to other German-based equipment manufacturers or contractors.

22. With respect to many of the above payments made under the Construction Contracts, there is no indication that GPLA received full (or in some cases, any) value in exchange for its substantial payments for equipment and services.

## Count 1: Breach of Fiduciary Duty

23. Plaintiff adopts by reference and incorporates all previous allegations in all preceding paragraphs as if fully set forth herein.

24. The Defendants, who were directors, officers, and key personnel of GPLA and Louisiana Pellets, each owed a fiduciary duty to GPLA and Louisiana Pellets.

25. The Defendants breached their fiduciary duties, including their duties of loyalty and care, by, *inter alia,* putting their own interests above those of GPLA and Louisiana Pellets; transferring millions of dollars from GPLA and Louisiana Pellets to GP GmbH and beyond the

reach of creditors and bondholders in this country; allowing those funds to be used for the benefit of GmbH rather than GPLA and Louisiana Pellets; and steering contracts to friends.

26. The Defendants also breached their fiduciary duties, including their duties of loyalty and care, owed to GPLA and Louisiana Pellets by *inter alia:*

    a. Not protecting the GPLA and Louisiana Pellets from adverse acts caused by the Leibolds or other parties;

    b. Hiring construction vendors from Germany which increased the cost and delays in the completion of the construction of the plant;

    c. Using the funds of GPLA and Louisiana Pellets to pay personal expenses which provided no value to GPLA or Louisiana Pellets;

    d. Not properly managing the construction of the plant which led to significant cost overruns as well as payment of certain vendors who never provided the goods and/or services already paid for;

    e. Failing to find another customer for GPLA and Louisiana Pellets' products or otherwise preserving or maximizing the current value of the GPLA and Louisiana Pellets for the creditors;

    f. Allowing millions of dollars to be transferred out of GPLA and Louisiana Pellets and to GP GmbH without proper documentation or value provided;

    g. Allowing the officers and directors (including the Leibolds) to participate in transactions in which they were conflicted; and

    h. Failing to conserve and protect GPLA and Louisiana Pellets' cash flow revenues.

27. The Defendants each participated in the breach of fiduciary duties owed to GPLA and Louisiana Pellets.

28. The Defendants each acted outside the limits of their authority with respect to GPLA and Louisiana Pellets.

29. GPLA, Louisiana Pellets and their creditors suffered damages by the Defendants' breaches of fiduciary duties to the GPLA and Louisiana Pellets.

30. The Trustee is entitled to recover damages from each of the Defendants for breach of fiduciary duty, including attorneys' fees and costs.

### Count 2: Waste, Negligence and Gross Negligence

31. Plaintiff adopts by reference and incorporates all previous allegations in all preceding paragraphs as if fully set forth herein.

32. The Defendants, as GPLA and Louisiana Pellets' directors, officers, and key personnel, owed a duty of reasonable prudence to GPLA and Louisiana Pellets. As previously alleged, the Defendants acted negligently in their management of the GPLA and Louisiana Pellets' business. These Defendants' indifference to their corporate responsibilities as previously alleged resulted in mismanagement of GPLA and Louisiana Pellets and waste of their assets. These Defendants' negligence caused substantial damages to GPLA and Louisiana Pellets, their creditors and bondholders, for which the Trustee now sues. These Defendants were negligent by failing to take the actions necessary to protect assets and by committing or permitting a wasting of corporate assets by looting GPLA and Louisiana Pellets in order to provide funds to GP GmbH and upon information and belief, to the Defendants.

33. The Defendants were negligent in not performing (as described above) by:

   a. Not protecting the GPLA and Louisiana Pellets from adverse acts caused by the Leibolds or other parties;

   b. Hiring construction vendors from Germany which increased the cost and delays in the completion of the construction of the plant;

c. Not properly managing the construction of the plant which led to significant cost overruns as well as payment of certain vendors who never provided the goods and/or services already paid for;

d. Failing to find another customer for GPLA and Louisiana Pellets' products or otherwise preserving or maximizing the current value of the GPLA and Louisiana Pellets for the creditors;

e. Allowing millions of dollars to be transferred out of GPLA and Louisiana Pellets and to GP GmbH without proper documentation or value provided;

f. Allowing the officers and directors (including the Leibolds) to participate in transactions in which they were conflicted; and

g. Failing to conserve and protect GPLA and Louisiana Pellets' cash flow revenues.

34. The Trustee is entitled to recover from Defendants for the damages caused by such waste of corporate assets, negligence and gross negligence, which stripped the GPLA and Louisiana Pellets of millions of dollars. Defendants' acts, errors and omissions were committed with such recklessness and wanton disregard to the interests of GPLA, Louisiana Pellets and their creditors as to constitute gross negligence, for which the Trustee also seeks to recover exemplary and/or punitive damages.

### Count 3: Direct Action against Defendant VOV GmbH

35. Plaintiff adopts by reference and incorporates all previous allegations in all preceding paragraphs as if fully set forth herein.

36. Louisiana's direct action statute provides, in pertinent part:

> [An] injured person... at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the

> insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only....

La. Rev. Stat. § 22:1269(B)(1).

37. Louisiana's direct action statute further provides: "This right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana..." La. Rev. Stat. § 22:1269(b)(2).

38. The claims set forth herein against Defendants are covered claims under that certain insurance policy issued by VOV GmbH, a German insurance company, to German Pellets GmbH with an effective date of January 1, 2014 (the "Policy"). See Policy, § 1 (Insured Risk).[1] This coverage is not subject to any of the exclusions set forth in the Policy. While the Policy contains an exclusion for liability claims made in the United States (see Policy, §§ 1.10 and 6.3), it contains an exception to that exclusion for claims made by a liquidator or the equivalent in a foreign jurisdiction (see Policy, § 6.3). The claims set forth herein fall within that exception because they are being brought by Plaintiff, the Liquidating Trustee.

39. The Defendants are Insured Persons under the Policy, which includes members, members of the management, the board of directors, the steering committee, the advisory council, the administrative board, the board of trustees, or comparable positions of the policyholder or a subsidiary. See Policy, § 5.1.

40. GPLA and Louisiana Pellets are Insureds under the Policy as subsidiaries of German Pellets GmbH. See Policy, § 7.1 and Insurance Certificate supplementing § 7.1 (specifically listing German Pellets Louisiana as an additional subsidiary under the Policy).

---

[1] A certified translation of the Policy and Certificates are attached *in globo* as Exhibit A.

41. This claim is being made against Defendants during the Policy Period. The Policy started on November 1, 2011 and was subsequently extended through December 31, 2016. *See* Insurance Certificates. The Policy was cancelled effective January 1, 2017. *See* Notice of Cancellation.

42. Therefore, VOV GmbH is liable jointly and in solido with Defendants for the breaches of fiduciary duty and negligence which injured GPLA and Louisiana Pellets.

### Count 3: Preliminary and Permanent Injunctive Relief against Defendant VOV GmbH

43. Plaintiff adopts by reference and incorporates all previous allegations in all preceding paragraphs as if fully set forth herein.

44. The Policy insures GPLA and Louisiana Pellets as well as GP GmbH which is currently in insolvency proceedings in Germany. The administrator of GP GmbH has submitted claims under the Policy in excess of the Policy's limits. If VOV GmbH pays the entirety of the Policy to GP GmbH's creditors and bondholders, there will not be any proceeds to pay claims asserted by the Trustee.

45. Pursuant to Louisiana Code of Civil Procedure article 3601 et. seq., Plaintiff prays that after due proceedings a preliminary and permanent injunction be issued, forbidding Defendant VOV GmbH from (a) paying the entirety or any portion of the Policy to settle claims asserted by GP GmbH.

46. Pursuant to Louisiana Code of Civil Procedure article 3604, Plaintiff respectfully requests that after due proceedings the Court grant a preliminary injunction in his favor and against VOV GmbH, to be extended upon a future showing of good cause. Pursuant to Louisiana Code of Civil Procedure Article 3601, "[a]n injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant...." and that "[d]uring the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary

injunction, or both...". La. C.C.P. art. 3601(A) and (C). Under Louisiana law, "[i]rreparable harm or injury generally refers to a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard." *Jennings Guest H. v. Gibson*, 971 So. 2d 506, 509 (La. App. 3 Cir. 2007) (citing *Robbins v. State, Through State Land Office*, 97-671 (La. App. 3 Cir. 12/17/97), 704 So.2d 961, writ denied, 98-176 (La.3/20/98), 715 So.2d 1214).

47. Plaintiff will suffer irreparable harm without the issuance of a preliminary injunction by this Court because without such remedy, the total and complete depletion of the Policy is likely. The German insolvency administrator of GP GmbH has already asserted claims against the Policy in excess of the Policy limits and upon information and belief, is in negotiations with VOV GmbH to pay those claims. Under the terms of the Policy relating to cost allocation, in the event of competing claims, insurance coverage is supposed to be available for the proportion of the financial loss that corresponds with the insured person's liability. *See* Policy, § 1.10. However, no such allocation required by the Policy will be possible to allow payment of the claims asserted herein by Plaintiff if a preliminary injunction is not entered and VOV GmbH proceeds to pay the claims of the German insolvency administrator.

48. Depletion of the Policy by GP GmbH would leave the Trustee effectively without a remedy for the breaches of fiduciary duty committed by the Defendants in this matter, harm that is irreparable.

### Prayer for Relief

Wherefore, the Plaintiff, the Chapter 11 Liquidating Trustee for GPLA and Louisiana Pellets, respectfully requests entry of judgment against the Defendants, Peter Leibold, Anna Kathrin Leibold, Michael Leibold and Meranda Hyman as follows:

i. awarding a judgment against all Defendants, including VOV GmbH, jointly and in solido, under state law as set forth above for all damages sustained by GPLA and Louisiana Pellets in an amount to be proven;

ii. entering preliminary and permanent injunctive relief enjoining VOV GmbH from paying all of the proceeds of the Policy to GP GmbH prior to the adjudication of the Trustee's claims;

iii. awarding the Trustee his attorney's fees, costs, and other expenses incurred in this action; and

iv. granting the Trustee such other and further relief as the Court deems just and proper.

Dated: February 16, 2018

Respectfully submitted,

_____
Dorroh & Kendrick, a PLC
Walter E. Dorroh, Jr. (La. Bar 5023)
3225 N 1st Street
Jena, LA 71342
Telephone: (318) 992-4107
Facsimile: (318) 992-4110
Email: wdorroh@dorrohkendrick.com

Brent B. Barriere (La. Bar 2818)
D. Skylar Rosenbloom (La. Bar 31309)
Rebecca Sha (La. Bar 35317)
Kristen Aymond (La. Bar 37011)
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
Email: bbarriere@fishmanhaygood.com
srosenbloom@fishmanhaygood.com
rsha@fishmanhaygood.com
kaymond@fishmanhaygood.com

Catherine E. Lasky (La. Bar No. 28652)
Kerry A. Murphy (La. Bar No. 31382)
LASKY MURPHY LLC
715 Girod Street, Suite 250
New Orleans LA 70130
Telephone: (504) 603-1500
Facsimile: (504) 603-1503
Email: kmurphy@laskymurphy.com
         klasky@laskymurphy.com

*Counsel for Craig Jalbert, in his capacity as the Chapter 11 Liquidating Trustee of Louisiana Pellets, Inc./German Pellets Louisiana, LLC*

Please serve:

Meranda Hyman
401 Pecan Drive
Winnfield LA 71483

**VOV GmbH through the Louisiana Secretary of State**
c/o East Baton Rouge Sheriff's Office
P. O. Box 3277
Baton Rouge, LA 70821