U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 28 2019

TONY R. MOORE, CLERK
BY: _____
   DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **CRAIG JALBERT** | **CIVIL ACTION NO. 1:18-cv-788** |
| **VERSUS** | |
| | **JUDGE DEE D. DRELL** |
| **PETER LEIBOLD, ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

## JUDGMENT

Before the Court is the Report and Recommendation of the Magistrate Judge (Doc. 38) recommending the Plaintiff's Motion for Remand (Doc. 9) be granted and, accordingly, that this case be remanded to Louisiana's Twenty-Eighth Judicial District Court in LaSalle Parish. The Report and Recommendation also recommends denial of the Defendants' Motion to Dismiss pursuant to a lack of jurisdiction. After an independent (*de novo*) review of the record including the objections filed herein (Doc. 40), the court adopts the Report and Recommendation in part. We agree with the Magistrate Judge's finding that removal under 28 U.S.C. §1441 was improper because consent of all defendants was not obtained. However, we do not agree that this can serve as the sole basis for granting the requested relief as obtaining consent of all defendants is not required to properly effect removal under either 9 U.S.C. §§202 and 205 or 28 U.S.C. §1452. Accordingly, we must assess whether removal was proper under either one of these two statutes.

Pursuant to the Convention on the Recognition and Enforcement of Arbitral Awards, 9 U.S.C. §201, *et seq*, for defendants to properly remove an action to federal court, they must show: (1) the arbitration clause "falls under the convention" pursuant to §202, and (2) the subject matter of the action "relates to" the arbitration clause. 9 U.S.C. §205.

Defendants argue that this action "relates to" the arbitration agreement in the VOV policy. A reading of that arbitration agreement reveals it applies to the allocation of legal defense costs or financial loss only if claims are asserted in one of three distinct circumstances: (1) the claims are asserted against both insureds and non-insureds; (2) the claims are asserted against both insureds and the policyholder; or (3) the claims are asserted on the basis of covered and non-covered situations. The Trustee's claims do not fall within any of these scenarios. Moreover, there are no allegations (and, thus no dispute) that the allocation of costs between covered and non-covered individuals or claims. Accordingly, the subject matter of the lawsuit cannot "relate to" the arbitration agreement.

The defendants' remaining argument in favor of removal is that this case "aris[es] in or [is] related to cases under title 11" of the Bankruptcy Code; therefore, it is removable under 28 U.S.C. §1452. While the Trustee does not dispute this matter is "related to" the pending bankruptcies, we are not convinced as this instant suit appears to be related to the fraud of others. Nevertheless, we need not reach a decision as to that matter because we find the court must abstain pursuant to 28 U.S.C. §1334(c)(2).

Mandatory abstention applies when the following conditions are met:

(1)  The claim has no independent basis for federal jurisdiction, other than §334(b);

(2)  The claim is a non-core proceeding, i.e. it is related to case under title 11 but does not arise under or in a case under title 11;

(3)  An action has been commenced in state court; and

(4)  The action could be adjudicated timely in state court.

All conditions are met in this case. First, as set forth *supra*, removal is improper under 9 U.S.C. §201, *et seq.* and 28 U.S.C. §1332. Second, the claims alleged are exclusively state

2

law claims so the claim does not invoke "a substantive right created by federal bankruptcy law or one which could not exist outside of bankruptcy." *In re* Galaz, 765 F.3d 426, 431 (5th Cir.2014) (citation omitted). Third, this action was commenced in state court, and finally, there is nothing to show the matter could not be timely adjudicated in state court.

For these reasons and those set forth in the Magistrate Judge's Report and Recommendation,

**IT IS ORDERED** that the Plaintiff's Motion to Remand (Doc. 8) is **GRANTED** and this case is **REMANDED** to the 28th Judicial District Court from whence it was originally removed.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **DENIED** based upon the court's finding of lack of jurisdiction and Defendant's Motion for Oral Argument (Doc. 41) is **DENIED as MOOT**.

**SIGNED** this 28th day of February 2019, at Alexandria, Louisiana.

                                                  **DEE D. DRELL, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**